## GALLETT RULLI CO v PARISH BROTHERS CO et

Ohio Appeals, 7th Dist, Mahoning Co
No 1647. Decided Jan. 14, 1930

Dominic Rendinell and R. J. Nicholson, both of Youngstown, for Gallett Rulli Co.

Guy Ohl, Youngstown, for City Trust & Savings Bank.

C. J. Hoyt, G. F. Hammond, W. O. R. Johnson, Benjamin Venitti, W. W. Zimmerman and A. M. Henderson, all of Youngstown, for Parish Bros Co. et.

**PER CURIAM**

The City Trust and Savings Bank filed a petition in error in this case and also sought to perfect an appeal but the appeal bond not being filed within the time provided therefor by statute, the motion to dismiss the appeal of the bank is sustained.

This leaves the petition in error of the bank effective. The appeal was made by the Gallet Rulli Company, the legality of which is not attacked, so that the issues to be considered are before this court not only upon appeal but upon petition in error .

The record in this case is voluminous. Numerous counsel have been commendably industrious in the preparation of the exhaustive briefs, and this court has devoted much time to the consideration of the case. So far as the determination of the issues is concerned it is not thought to be expedient or as serving any useful purpose to go into a consideration or determination of the weight of conflicting evidence or authorities, but this court will now content itself with a statement of the conclusions reached.

The decree of the court of common pleas upon the same issues presented in this court is full and complete in its terms and a matter of record; that decree will be taken now primarily as a basis for a statement of the determination of the issues by this court. It may be understood that this court makes the same findings concerning the rights and liabilities of the respective parties as did the court of common pleas, except as now herein otherwise stated.

Upon the issues presented by the cross petitioner, Smith-Boyle Iron Works Company, it alleges and asserts a mechanic's lien upon the property in question. This court finds this lien to be void and ineffective by reason of its failure to sufficiently comply with the provisions of **8312 GC** in the preparation and furnishing of a statement therein provided for. In the case of **Mahoning Park Company against Warren Home Development Company, 109 Oh St 358,** the fourth paragraph of the syllabus reads:

"The provisions of Section 8312 GC., wherein certain statements were required to be furnished by an original contractor to the owner, part owner or lessee are mandatory; compliance therewith is a condition precedent to the perfection of a lien, and unless complied with a contractor has no right of action or lien against the owner, part owner or lessee".

The attempted mechanic's lien of the cross petitioner, the Bertolini Brothers Company, is also found to be void and of no effect for the reasons above stated, relating to the Smith-Boyle Iron Works Company.

The attempted mechanic's lien of the Hall Painting Company is also found to be void and ineffective by reason of the failure of this company to secure service, the attempted notice not being by registered mail. The statute only authorizes such service by registered mail. The rule suggested in the brief of counsel for this company of the presumption of delivery of the notice sent generally through the mail has no application in this instance where a statute prescribes specifically the manner in which service can be made.

Except in the three instances above mentioned, as before stated, the findings of this court are the same as incorporated in the decree of the court of common pleas.

The issues made concerning the two chattel mortgages involved a consideration of the rule as established by the decisions concerning the effect of attaching property upon which a chattel mortgage exists to the real estate. A determination of this issue was not without some difficulty in this case. The rule does not seem to be very definitely or clearly determined in Ohio. Upon the one side in favor of the attaching of the property to the real estate is the so-called Massachusetts rule, and then there is the other rule extending greater liberality in the recognition of chattel mortgages under these conditions.

Taking into consideration the nature of the goods upon which the chattel mortgages were placed, the manner of their connection with the building, and the effect and expense of their removal, and all of the conditions involved, and applying thereto the law relating to such issue, the conclusion was reached that the chattel mortgages continued to be effective liens.

There was another proposition which perhaps might be mentioned whereby it was claimed that all these mechanics' liens were void by reason of the contracts for the furnishing of material not having been approved by the trustee or its representative, Mr. Cook, the supervisor. Article 10 of the original contract provided:

"The Trustee will be represented by W. H. Cook as inspector, who will pass on quality and material and workmanship, examine the contractors' bills and issue certificates accordingly, and approve sub-contractors".

The material was necessarily furnished and the work performed with the knowledge of Mr. Cook, the inspector, and accepted and used without complaint, thus constituting a waiver of this provision of the contract.

The final judgment will be entered as against the lien claimants whose liens are not herein recognized.